UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK PLAZA VILLAMAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES INC., et al.,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-03966-MEMF-(JEMx)<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AS MOOT [ECF NO. 15] AND MOTION TO COMPEL ARBITRATION [ECF NO. 14] AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [ECF NO. 14]** |

　　　　Before the Court is the Motion to Compel Arbitration and Request for Judicial Notice filed by Defendants Clean Harbors Environmental Services, Inc. and HydroChem LLC. For the reasons stated herein, the Court hereby GRANTS the Motion to Compel Arbitration. The Court further DENIES Request for Judicial Notice and the Motion to Dismiss as MOOT.

/ / /

/ / /

1

# BACKGROUND

## I. Factual Background[1]

Plaintiff Erick Plaza Villamar ("Villamar") was employed by Defendants Clean Harbors Environmental Services, Inc. ("Clean Harbors") and HydroChem LLC ("HydroChem") (collectively, the "Clean Harbors Defendants"). Compl. ¶ 3. The Clean Harbors Defendants are the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. *Id.* at ¶ 9. Moreover, the Clean Harbors Defendants are joint employers of Villamar. *Id.*

Villamar executed an Arbitration Agreement ("Agreement") with HydroChem. Clean Harbors is not a party to the Agreement. *See id.* § 1. "[A]ll disputes. . . past, present or future, arising out of or related to [Villamar's] application for employment, employment, or . . . termination of [Villamar's] employment with [HydroChem]" fall under the Agreement. *Id.* ¶ 2. The Agreement included a class action waiver stating that "any dispute [is] to be brought, heard, decided, or arbitrated as a Class Action." *Id.* ¶ 7.

## II. Procedural History

On May 4, 2022, Villamar filed the instant action against the Clean Harbors Defendants in the California Superior Court for the County of Los Angeles. *See generally* Compl. On June 9, 2022, the case was removed to federal court. ECF No. 1. Villamar alleges ten causes of action: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wage; (5) failure to timely pay wage; (6) failure to pay all wages due to discharged and quitting employees; (7) failure to maintain required records; (8) failure to furnish accurate itemized statements; (9) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (10) unfair and unlawful business practices. *See generally* Compl. On June 16, 2022, the Clean Harbors Defendants filed the instant Motion to Compel Arbitration and Dismiss Complaint ("Motion" or "Mot.") and Motion to Request Judicial

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Class Action Complaint, ECF No. 1-1, Ex. A ("Compl.").

Notice ("RJN"). Villamar filed an Opposition to the Motion on August 4, 2022. ECF No. 20 ("Opp'n"). The Clean Harbors Defendants submitted a Reply in support of the instant Motion on August 11, 2022. ECF No. 21 ("Reply"). The Motion for Request for Judicial Notice is unopposed by Villamar.[2] The Court held a hearing on this matter on September 22, 2022.

## MOTION TO COMPEL ARBITRATION

### I. Applicable Law

Under Section 2 of the Federal Arbitration Act ("FAA"), arbitration clauses in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). "If an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). In determining whether to compel arbitration, the court must consider two gateway factors: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). Moreover, arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 343 (internal quotation marks omitted) (citing

---

[2] The Clean Harbors Defendants submit—and ask the Court to take judicial notice of—one (1) exhibit in support of its Motion to Compel Arbitration: JAMS Employment Arbitration Rules & Procedures (2021), https://www.jamsadr.com/rules-employment-arbitration/english) (the "JAMS Rules"). ECF No. 14-3. A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). With respect to Exhibit 1, although it appears that this Exhibit falls under the category of sources subject to judicial notice under FED. R. EVID. 201(b), the Court need not reach this issue because the Exhibit plays no part in the Court's order. The Court therefore DENIES the Request for Judicial Notice as MOOT.

*Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). The Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). However, a nonsignatory to an arbitration agreement "may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1129 (9th Cir. 2013).

## II. Discussion

The Clean Harbors Defendants seek to compel the entire action to binding arbitration pursuant to the Arbitration Agreement ("Agreement") signed by Villamar during the onboarding process. As an initial matter, they allege that Clean Harbors never employed Villamar. Mot. at 8. Nonetheless, they assert that Clean Harbors can compel arbitration regardless of whether it employed Villamar because: (1) Villamar entered into a valid and binding agreement to arbitrate employment disputes with HydroChem; (2) the FAA governs the Agreement between Villamar and HydroChem; (3) as an alleged agent, Clean Harbors can enforce the arbitration agreement between Villamar and HydroChem; (4) the Agreement requires Villamar to resolve all of his claims asserted in this action only on an individual basis in arbitration; (5) the Agreement is valid and enforceable; (6) Villamar's claims cannot proceed on a class-wide basis and should be dismissed in their entirety. Motion at 6–12. Villamar concedes that he entered into a valid and binding agreement to arbitrate employment disputes with Hydrochem. Opp'n at 1. However, Villamar contends that because Clean Harbors is not a party to the Agreement, Clean Harbors cannot compel his claims to arbitration. *Id.*[3]

Villamar does not contest that he alleges in his Complaint that the Clean Harbors Defendants were his joint employers and that they were agents of each other. Compl. ¶ 9. Villamar also does not contest that his claims are governed by the Agreement. *See* Opp'n at 1. Counsel for Villamar

---

[3] Moreover, Villamar argues that the Motion is improper because the Clean Harbors Defendants combine a motion to compel arbitration and motion to dismiss. Opp'n at 1. However, Villamar cites to no authorities in support for this proposition. At the hearing, counsel for Villamar confirmed that he has no authority in support of this proposition and conceded that this procedural approach is permissible. The Court therefore declines to find the instant Motion improper on this ground.

confirmed at the hearing that Villamar concedes that he must arbitrate all of his claims against HydroChem and the Agreement is not unconscionable.

### A. Clean Harbors, as an agent of HydroChem, can compel Villamar's claims to arbitration.

The Clean Harbors Defendants contend that Clean Harbors can arbitrate Villamar's claims under the Agreement because Villamar alleges Clean Harbors was an agent of HydroChem. Villamar does not dispute that he accepted the Agreement during the onboarding process. Opp'n at 1. Instead, he argues that because the Clean Harbors Defendants contend that Clean Harbors never employed him, Clean Harbors cannot enforce the arbitration agreement against him. *Id.* Indeed, Villamar alleges that the Clean Harbors Defendants were joint employers of Villamar and the class members. Compl. ¶ 9. However, he alleges in his Complaint that the Clean Harbors Defendants were the alter egos and authorized agents of one another. *Id.* The Ninth Circuit has explained that "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citing *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187–88 (9th Cir. 1986)). California courts have recognized that "a nonsignatory sued as an *agent* of a signatory may enforce an arbitration agreement." *Rowe v. Exline*, 63 Cal. Rptr. 3d 787, 793 (Ct. App. 2007); *see also Garcia v. Pexco, LLC*, 217 Cal. Rptr. 3d 793, 797 (Ct. App. 2017) ("[A] defendant may enforce the arbitration agreement when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement . . . ." (internal quotation marks and citation omitted)); *Dryer v. Los Angeles Rams*, 709 P.2d 826, 834 (Cal. 1985) (nonsignatory to an arbitration provision alleged to be an agent of a signatory is entitled to arbitrate claims brought against it by another signatory).

Villamar contends that the Clean Harbors Defendants' assertion that Clean Harbors itself did not employ Villamar carries more weight than Villamar's allegations that Clean Harbors was an

agent of HydroChem.[4] However, the case law simply does not support this view. *See Dryer*, 709 P.2d at 834 (nonsignatory to an arbitration provision alleged to be an agent of a signatory is entitled to arbitrate claims brought against it by another signatory); *Rowe v. Exline*, 63 Cal. Rptr. 3d at 793 ("[A] nonsignatory sued as an *agent* of a signatory may enforce an arbitration agreement."); *Pexco*, 217 Cal. Rptr. 3d at 797 ("[A] defendant may enforce the arbitration agreement when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement . . . ." (internal quotation marks and citation omitted)).

### B. Because the Agreement contains a clear and unambiguous class action waiver, Villamar's class claims must be dismissed in their entirety.

Parties to an arbitration agreement may specify the issues they choose to arbitrate, may agree on a set of procedural rules to use during the arbitration, and may limit with whom they choose to arbitrate their disputes. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010). As a result, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 684 (emphasis added). The Supreme Court has held that "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1419 (2019). Rather, only an agreement that affirmatively and explicitly provides for class arbitration can permit the use of such procedures. *Nelsen v. Legacy Partners Residential Inc.*, 144 Cal. Rptr. 3d 198,

---

[4] At the hearing on this matter, counsel for Villamar asserted that the allegations regarding Clean Harbors as an agent were "boilerplate allegations" made in state court that he would not have made in federal court. The Court is, of course, bound by the operative complaint, particularly in the absence of any effort to amend the complaint to delete these allegations. Counsel is also reminded of the following obligation in federal court under Federal Rule of Civil Procedure Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or *later advocating it*—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b).

207–12 (Ct. App. 2012); *see also Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1075–77 (9th Cir. 2014) (affirming district court's decision granting employer's motion to compel arbitration and dismissing class action where parties signed valid arbitration agreement containing class action waiver). Here, the Agreement contains a clear and unambiguous waiver that requires Villamar to waive his right for "any dispute to be brought, heard, decided, or arbitrated as a Class Action." Agreement ¶ 7. Villamar does not dispute that he signed the Agreement with this class action waiver. *See* Opp'n at 2. Therefore, Villamar's class action claims must be dismissed in their entirety.

The Court therefore GRANTS the Motion to Compel Arbitration.[5]

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court DENIES the Request for Judicial Notice as MOOT;
2. The Court GRANTS the Motion to Compel Arbitration;
3. Villamar must arbitrate the claims alleged in the Complaint on an individual basis;
4. The class claims alleged in Villamar's Complaint are DISMISSED; and
5. Litigation of the claims in the Complaint are STAYED in their entirety pending the outcome of the arbitration proceedings.

IT IS SO ORDERED.

Dated: September 23, 2022

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[5] As a result, the Court need not address the arguments set forth by the Clean Harbors Defendants in the Motion to Dismiss.